OPINION OF THE COURT
Memorandum.
Order unanimously affirmed with $10 costs.
*295 The petitioner operated an automobile and allegedly sustained personal injuries in an accident while uninsured motorist coverage from respondent was in effect (see, Insurance Law § 3420 [f] [1]). Petitioner served a demand for arbitration under the uninsured motorist coverage.
On the day of the hearing, respondent’s counsel, claiming a conflict of interest, requested that the arbitrator recuse himself. Upon the arbitrator’s refusal, the attorney left the proceeding without participating. The arbitrator subsequently proceeded with the hearing in respondent’s absence and granted petitioner’s requested award. The arbitrator had been designated based on the Accident Claims Arbitration Rules of the American Arbitration Association (AAA).
We are of the view that it was proper for the court below to take judicial notice (see, Matter of D.M.C. Constr. Corp. v Nash Steel Corp., 41 NY2d 855, revg 51 AD2d 1040, 1041, on dissenting opn of Shapiro, J.) of rule 10 which required that decisions concerning disqualifications of arbitrators for partiality were to be made by the AAA and that its decisions were to be deemed conclusive. Accordingly, we do not disturb the decision of the court below to set aside the arbitrator’s award and direct the parties to contact the AAA.
Kassoff, P. J., Chetta and Patterson, JJ., concur.